UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: REQUEST FOR JUDICIAL ASSISTANCE FROM THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA IN THE MATTER OF:<br><br>HWANG JIE-CHI,<br><br>    Plaintiff,<br><br>    v.<br><br>LIN SONG-HUI, et al.,<br><br>    Defendants. | No. 2:23-mc-00230-KJM-CKD<br><br><u>ORDER</u> |

Presently before the court is an ex parte application by the United States, on behalf of the Taiwan Intellectual and Property Court ("Applicant"), for an order pursuant to 28 U.S.C. § 1782, executing a letters rogatory for international judicial assistance to obtain certain documents and testimony from the California Department of Motor Vehicles for use in connection with a judicial proceeding in the Taiwan Intellectual and Property Court in Taipei, Taiwan, Republic of China. (ECF No. 1.) After considering the briefing and documentation in support of the application, along with the applicable law, the court will grant the application.

### I.     Background[1]

The Taiwan Intellectual Property and Commercial Court in Taipei, Taiwan ("Taiwan Court"), issued a Letter of Request for judicial assistance to obtain documents and testimony for use in the case captioned Hwang v. Lin, Foreign Reference Number 2022 Folio 1 ("Taiwan Case"). (See ECF No. 1-2 at 4-27, Letters Rogatory and Attachment.) The Taiwan Case is a civil proceeding between private parties. The plaintiff in that case has asserted his gemologist certificate uses an alias that is consistent with an alias used on his California Driver's License. The Taiwan Court has requested information regarding the authenticity of the California Driver's License produced by the plaintiff in that litigation and California's rules applicable to registration names for foreign residents. The request was transmitted via diplomatic channels to the U.S. Attorney's Office for the Eastern District of California for execution in accordance with 28 C.F.R. § 0.49(c). The California Department of Motor Vehicles has not provided responses to the interrogatories despite being provided ample opportunity to do so.

### II.    Legal Standard

28 U.S.C. § 1782 provides, in part, as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> ////

---

[1] This background information is taken from the United States' Memorandum of Law and declaration in support of the application. (See ECF Nos. 1-1, 1-2.)

> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C.A. § 1782(a)

"Section 1782 is the product of congressional efforts…to provide federal-court assistance in gathering evidence for use in foreign tribunals." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004). "The prima facie showing mandated by the statute is only that the application be made (1) by a foreign or international tribunal or any interested person, (2) that it be for use in a proceeding in a foreign or international tribunal, and (3) that the person or entity from whom the discovery is sought be a resident of or be found in the district in which the application is filed." In re Bayer AG, 146 F.3d 188, 193 (3rd Cir. 1998) (citation and internal quotation marks omitted); see also In re Republic of Ecuador, No. 2:11-mc-00052-GSA, 2011 WL 4089189 at *2 (E.D. Cal. Sept. 13, 2011). Section 1782 "authorizes, but does not require, a federal district court to provide assistance to a complainant" in a foreign proceeding. Intel, 542 U.S. at 255.

In exercising its wide discretion whether to grant an application made pursuant to section 1782, a district court should consider the following:

> (1) Whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 and; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests.

In re Republic of Ecuador, 2011 WL 4089189 at *2 (citing Intel, 542 U.S. at 264-65).

An ex parte application is an acceptable method for seeking discovery pursuant to section 1782. In re Letters Rogatory from Tokyo Dist., Tokyo, Japan, 539 F.2d 1216, 1219 (9th Cir. 1976). Subpoenaed parties may exercise their due process rights and raise objections and through motions to quash the subpoenas. Id. The court may appoint a commissioner to collect the evidence. See In re Letter of Request From Gov't of France, 139 F.R.D. 588, 592 (S.D.N.Y. 1991).

### III. Analysis

Here, the Applicant is a foreign tribunal seeking evidence for use in its proceeding, and the California Department of Motor Vehicles is found in this district. Thus, the statutory requirements of 28 U.S.C. § 1782 are met.

The discretionary factors described in Intel Corp., 542 U.S. at 244-45, also weigh in favor of appointing a commissioner to collect the documents and testimony from the California Department of Motor Vehicles by subpoena. First, the California Department of Motor Vehicles is not a party to the foreign proceeding, and it therefore appears the material sought is not within the foreign tribunal's jurisdictional reach. Second, the Taiwan Court is receptive to assistance because the Taiwan Court has initiated this request. Third, there is no indication that any foreign proof-gathering restrictions or policies are being circumvented. Fourth, the subpoena request for copies of any driver's licenses issued to the plaintiff in the Taiwan case, and the three accompanying interrogatories, do not appear to be unduly burdensome. Because all four discretionary factors weigh in favor of granting the application, the court grants the application upon the terms specified below.

### IV. Conclusion and Order

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. The ex parte application for an order pursuant to 28 U.S.C. § 1782 is GRANTED.

2. David E. Thiess, Assistant United States Attorney for the Eastern District of California, is appointed Commissioner of this Court, to obtain by subpoena in substantially similar form to that attached as Exhibit 2 to the declaration, the requested evidence from the California Department of Motor Vehicles in the form of documents and a written affidavit, for transmission to the Office of International Judicial Assistance, United States Department of Justice, for transmission to the U.S. Department of State, to be sent back to the Taiwan Court through diplomatic channels; and to do all else that may be necessary for the accomplishment of the purpose of this Order.

3. The California Department of Motor Vehicles may move to quash or modify the subpoena, as appropriate, prior to the date by which compliance is requested. Before the filing of

any motion, the parties, entities, or persons involved shall meet and confer in good faith in accordance with Local Rule 251.

    4.    The U.S. Department of Justice shall provide the California Department of Motor Vehicles in Sacramento, California with a copy of this Order along with any subpoena.

Dated: July 12, 2023

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
Hwang23mc230.letter.rog